Amended Prob 12C
(Rev. 3/95 D/HI)

ORIGINAL

**United States District Court**

for the

**DISTRICT OF HAWAII**

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

AUG 30 2007

at ___ o'clock and ___ min. ___ M.
SUE BEITIA, CLERK

U.S.A. vs. MARTIN KANUHA                           Docket No. CR 01-00229HG-01

## AMENDED REQUEST FOR COURSE OF ACTION
### (Statement of Alleged Violations of Supervised Release)

COMES NOW FITUINA F. TUA, SENIOR PROBATION OFFICER OF THE COURT, presenting an official report upon the conduct and attitude of MARTIN KANUHA, who was placed on supervision by the Honorable Helen Gillmor sitting in the Court at Honolulu, Hawaii, on the 10th day of December 2001, who fixed the period of supervision at 6 years and imposed the general terms and conditions theretofore adopted by the Court and also imposed special conditions and terms as follows:

1. That the defendant participate in a substance abuse program, which may include drug testing at the discretion and direction of the Probation Office.

2. That the defendant is prohibited from possessing any illegal or dangerous weapons.

3. Without prior written approval of the Probation Office, the defendant shall not enter the "Operation Weed and Seed" target area which is bordered by Lunalilo Freeway, Nuuanu Avenue, Bethel Street, Nimitz Highway, North King Street, Dillingham Boulevard, and Kokea Street, as depicted in the map to be attached to the Judgment.

**Supervised Release Warrant Issued:** On 10/10/03, the Court issued a No Bail warrant based on Violation Nos. 1 to 3. Pursuant to U.S. V. VARGAS-AMAYA, NO. 03-50577, 2004 WL 2650821, (9TH CIRCUIT, 11/22/04) the warrant was re-issued on 12/13/04. **The petition filed on 12/13/04 is hereby amended to include Violation No. 4. The warrant issued on 12/13/04 remains in effect.**

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**

Alleged Violation(s) of Supervised Release

That the subject has violated the conditions of his Supervised Release (Probation Form 7A attached) as follows:

1. On 8/12/03, the defendant admitted to the Probation Office that he used cocaine on or about 8/11/03, in violation of the General Condition.

2. On 8/14/03 and 9/17/03, the defendant failed to report to the Probation Office as instructed on 7/30/03, 8/12/03, and 9/2/03, in violation of Standard Condition No. 3.

Prob 12C
(Rev. 3/95 D/HI)

2

3. That on 9/11/03, Mr. Kanuha entered the "Operation Weed and Seed" target area when he was arrested by the Honolulu Police Department at Mel's Video store located at 20 North Hotel Street, a location within the prohibited area, in violation of Special Condition No. 3.

4. That on 2/4/04, Mr. Kanuha pled guilty in State of Hawaii, Circuit Court of the First Circuit, for Count 1: Promoting a Dangerous Drug in the Third Degree, in violation of Hawaii Revised Statutes (HRS) § 712-1243 and General Condition, and Count 2: Unlawful Use of Drug Paraphernalia, in violation of HRS § 329-43.5 and General Condition.

Based on the above, the U.S. Probation Officer recommends that this Amended Request for Course of Action include Violations Nos. 1 through 4 and that the subject be brought before the Court to show cause why supervision should not be revoked.

PRAYING THAT THE COURT WILL ORDER ONE OF THE FOLLOWING COURSES OF ACTION:

[✓] That the petition for Request for Course of Action dated and filed on 12/13/04 be amended to include Violation Nos. 1 through 4 and that the offender be brought before the Court to show cause why supervised release should not be revoked.

[ ] Other

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  8/15/07

FITUINA F. TUA
Senior U.S. Probation Officer

Approved by:

GENE DeMELLO, JR.
Supervising U.S. Probation Officer

Prob 12C
(Rev. 3/95 D/HI)

3

## ORDER OF COURT

THE COURT ORDERS that the petition for Request for Course of Action dated and filed on 12/13/04 be amended to include Violation Nos. 1 through 4 and that the offender be brought before the Court to show cause why supervised release should not be revoked.

Considered and ordered this 15th day of August, 2007, and ordered filed and made a part of the records in the above case.

HELEN GILLMOR
Chief U.S. District Judge

Re:     **KANUHA, Martin**
        **Criminal No. CR 01-00229HG-01**
        **REVOCATION OF SUPERVISED RELEASE**

## STATEMENT OF FACTS

   Mr. Kanuha pled guilty to Possession With Intent to Distribute and Distribution of Cocaine Base Within One Thousand (1,000) Feet of a Private University, a Class B felony. On 12/10/01, Your Honor sentenced Mr. Kanuha to twenty-seven months imprisonment and six years supervised release with the special conditions noted on the facesheet of the petition. On 7/24/03, Mr. Kanuha was released from imprisonment and began his term of supervised release. On 7/30/03, Mr. Kanuha signed the Probation Form 7A acknowledging that he understood the terms and conditions of supervised release. He was also instructed to report back to the Probation Office on 8/14/03. While on supervision, Mr. Kanuha violated the terms and conditions of supervised release as follows:

   **Violation No. 1 - Admission of Cocaine Use and Violation No. 2 - Failure to Report to the Probation Office**: On 8/12/03, Mr. Kanuha telephonically contacted the Probation Office and admitted that he had relapsed and used cocaine the day prior. Prior to this telephone call, and <u>on 7/30/03, Mr. Kanuha was instructed to report to the Probation Office on 8/14/03</u>. As a result of his admission, <u>on 8/12/03, this officer reminded him to report to the Probation Office on 8/14/03</u>. Despite having received instructions on 7/30/03 and 8/12/03 to report, Mr. Kanuha failed to do so on both dates **(Violation No. 2)**. Subsequently, this officer made several attempts to contact Mr. Kanuha at his residence from 8/14/03 to 8/17/03. However, we were unsuccessful because no one was home at those times. On 8/18/03, we contacted Mr. Kanuha's mother, who reported that her last contact with her son was on 8/10/03. Since then, he had not returned to his reported residence and had not contacted her. On 8/26/03, we telephonically interviewed Mr. Kanuha's cousin who reported that he met with Mr. Kanuha 1 week prior at a location in Chinatown, Honolulu, where Mr. Kanuha was allegedly frequenting and using illicit drugs. According to his cousin, when he met with Mr. Kanuha in Chinatown, Mr. Kanuha appeared hungry and in need of medical attention. The cousin informed Mr. Kanuha that the Probation Officer was looking for him and encouraged him to contact the Probation Office. Because the cousin was the only individual in contact with Mr. Kanuha, the cousin requested that we allow him additional time to make attempts to persuade Mr. Kanuha to surrender to the Probation Office. The efforts of the cousin and the Probation Office to persuade Mr. Kanuha to report failed.

   On 8/29/03, Mr. Kanuha telephonically contacted the Probation Office and was instructed to report to the office on 9/2/03. Mr. Kanuha admitted that he had relapsed again and frequented the downtown area knowing that he violated the conditions of supervised release. He stated that he went to the hospital for a foot injury and after being discharged from the hospital, he returned to his reported residence.

   On 9/2/03, he reported to the Probation Office and admitted that he relapsed and used cocaine, he frequented the Chinatown area, and associated with Jose Sierra, a convicted felon who was on supervision with the Probation Office at that time. At that time,

Re:     **KANUHA, Martin**
          **Criminal No. CR 01-00229HG-01**
          **REVOCATION OF SUPERVISED RELEASE**
          **STATEMENT OF FACTS - Page 2**


Mr. Kanuha agreed to a treatment plan that included a drug assessment to determine an appropriate level of treatment. <u>He was instructed to return to the Probation Office on 9/17/03</u>, but he failed to report **(Violation No. 2)**. On 9/17/03, we contacted his cousin, who reported that shortly after his contact with the Probation Office on 9/2/03, Mr. Kanuha returned to the Chinatown area and allegedly began using illicit drugs. He had not returned to his reported residence since.

**<u>Violation No. 3 - Entering the "Operation Weed and Seed" Target Area on 9/11/03; and Violation No. 4 - On 2/4/04, Mr. Kanuha Pled Guilty in State of Hawaii, Circuit Court of the First Circuit, to Count 1:  Promoting a Dangerous Drug in the Third Degree, in Violation of Hawaii Revised Statutes (HRS) § 712-1243 and General Condition; and Count 2:  Unlawful Use of Drug Paraphernalia, in Violation of HRS § 329-43.5 and General Condition:</u>** On 9/30/03, Mr. Kanuha, telephonically contacted the Probation Office and reported that he was incarcerated at the Halawa High Security Facility. Mr. Kanuha reported that he was arrested for Promoting a Dangerous Drug in the Third Degree and Unlawful Possession of Drug Paraphernalia, both Class C felonies. A criminal records check revealed that Mr. Kanuha was arrested for these offenses on 9/11/03, at 20 North King Street, in Chinatown, and within the prohibited "Operation Weed and Seed" target area. According to the police report, on 9/11/03, Honolulu Police Department officers were dispatched to Mel's Video store located at 20 North Hotel Street, Honolulu **(Violation No. 3)**. Upon their arrival, officers observed a male (later identified as Martin Kanuha) and another male smoking what appeared to be crack cocaine near a booth within the establishment. When officers approached Mr. Kanuha, he attempted to conceal a glass pipe in his right hand. Officers subsequently recovered the glass pipe and the pipe contained a white residue. Mr. Kanuha was arrested and charged for Promoting a Dangerous Drug in the Third Degree and Unlawful Possession of Drug Paraphernalia. Mr. Kanuha has been detained since his arrest.

On 2/4/04, Mr. Kanuha appeared in State of Hawaii, Circuit Court of the First Circuit, and pled guilty to Count 1:  Promoting a Dangerous Drug in the Third Degree, in violation of Hawaii Revised Statutes (HRS) § 712-1243, and Count 2:  Unlawful Use of Drug Paraphernalia, in violation of HRS § 329-43.5. Mr. Kanuha was sentenced to a term of five (5) years each in Counts 1 and 2, and the sentence was to be served concurrently with credit for time served. A mandatory minimum term of 2 years imprisonment was also imposed **(Violation No. 4)**.

Mr. Kanuha has been detained in state custody since his arrest on 9/11/03. The supervised release violator's warrant issued on 12/13/04 was lodged as a detainer. On 7/25/07, the state Hawaii Paroling Authority reported that Mr. Kanuha was granted parole effective 7/25/07. Mr. Kanuha was serving his state sentence in Oklahoma and was to be released to the U.S. Marshals Service (USM) pursuant to the federal detainer. On 8/8/07, the USM reported that they are awaiting the state authorities to transport Mr. Kanuha back

Re: **KANUHA, Martin**
   **Criminal No. CR 01-00229HG-01**
   **REVOCATION OF SUPERVISED RELEASE**
   **STATEMENT OF FACTS - Page 3**

to Hawaii at which time they will assume custody of him. The offender will then be brought before the Court for revocation proceedings.

Respectfully submitted by,

FITUINA F. TUA
Senior U.S. Probation Officer

Approved by:

GENE DeMELLO, JR.
Supervising U.S. Probation Officer

FFT/pts

Re: KANUHA, Martin
Criminal No. CR 01-00229HG-01
REVOCATION OF SUPERVISED RELEASE
STATEMENT OF FACTS - Page 4

**NOTICE OF ADDITIONAL CONDITION(S) OF SUPERVISION THAT MAY WARRANT CONSIDERATION**

There do not appear to be any circumstances that warrant imposition of additional conditions at this time.

PROB 7A
(Rev. 9/00; D/HI 7/02)

**Conditions of Probation and Supervised Release**

# UNITED STATES DISTRICT COURT

## FOR THE

## DISTRICT OF HAWAII

To: Martin Kanuha
Address: 432 Luiakini Street
Honolulu, Hawaii 96817

Docket No. CR 01-00229HG-01

Under the terms of this sentence, the defendant has been placed on supervised release by the Honorable Helen Gillmor, U.S. District Judge for the District of Hawaii. The defendant's term of supervision is for a period of SIX (6) YEARS commencing upon release from confinement (5/21/03). 7/24/03 *2.

While on supervised release, the defendant shall not commit another federal, state, or local crime. The defendant shall not illegally possess a controlled substance.

If the judgment imposed a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervision in accordance with any Schedule of Payments set forth in the Criminal Monetary Penalties sheet of the judgment. In any case, the defendant should cooperate with the probation officer in meeting any financial obligations.

The defendant shall report in person to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons (supervised release cases only).

[✓] The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

**For offenses committed on or after September 13, 1994:**

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment or placement on probation and at least two periodic drug tests thereafter.

[ ] The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse.

**It is the order of the Court that the defendant shall comply with the following standard conditions:**

(1) The defendant shall not leave the judicial district without the permission of the court or probation officer;

(2) The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

(3) The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

(4)  The defendant shall support his or her dependents and meet other family responsibilities;

(5)  The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons;

(6)  The defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

(7)  The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substance, except as prescribed by a physician;

(8)  The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

(9)  The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

(10) The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

(11) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

(12) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

(13) As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

**The special conditions ordered by the Court are as follows:**

(1) That the defendant participate in a substance abuse program, which may include drug testing at the discretion and direction of the Probation Office.

(2) That the defendant is prohibited from possessing any illegal or dangerous weapons.

(3) Without the prior written approval of the Probation Office, the defendant shall not enter the "Operation Weed and Seed" target area which is bordered by Lunalilo Freeway, Nuuanu Avenue, Bethel Street, Nimitz Highway, North King Street, Dillingham Boulevard, and Kokea Street, as depicted in the map to be attached to the Judgment.

Upon a finding of a violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) _____    7-30-03
MARTIN KANUHA                          Date
Defendant

_____              7/31/13
FITUINA F. TUA                         Date
Senior U.S. Probation Officer